**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **SHEROD DOYLE SPRADLEN** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No. 7:18-cv-00135** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **PACCAR, INC. D/B/A PETERBILT MOTORS COMPANY** | ) ) | |
| | ) | |
| **Defendant.** | | |

**COMPLAINT**

TO THE HONORABLE JUST OF SAID COURT:

NOW COMES Plaintiff Sherod Doyle Spradlen, hereinafter referred to as "Plaintiff," complaining of and about Paccar, Inc. d/b/a Peterbilt Motors Company, hereinafter referred to as "Defendant," and for cause of action respectfully show unto the Court the following:

## I.   PARTIES AND SERVICE

1. Plaintiff is and was at all times relevant a resident and citizen of the State of Texas.

2. Defendant, Paccar, Inc. d/b/a Peterbilt Motors Company, is a foreign Corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1700 Woodbrook St., Denton, Texas 76205, and is authorized to conduct business in Texas and may be served with process by serving its registered agent for service of process, The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II.   JURISDICTION AND VENUE

3. This Court has original jurisdiction over this case because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000. *See* 28 USC §1332. Venue is proper in this Court because a substantial part of the events

or omissions giving rise to the claim occurred within the Western District of Texas. *See* 28 USC §1391(a).

### III.   BACKGROUND FACTS

**A.   GENERAL BACKGROUND**

4.   Plaintiff was traveling in a Defective Vehicle, a Peterbilt 18-Wheeler on or about October 30, 2016.  On that date, Plaintiff was operating the vehicle in Big Spring, Howard County, Texas.  As Plaintiff was exiting the vehicle, and due to the defects alleged herein, the step to Plaintiff's driver-side running board (referred to herein as "defective step") broke away from the door, causing Plaintiff to fall. Upon information and belief, the defective step and/or step assembly was produced by Defendant. The defects described herein caused Plaintiff to fall backwards, landing on his entire back. Defendant's defects as alleged herein were the direct and proximate cause of Plaintiff's injuries.

5.   Upon information and belief, the defective step was not manufactured and/or fabricated in such a way to maintain its integrity, particularly after lengthy driving periods and/or travel over rough terrain, which is a reasonably anticipated use of Defendant's vehicles. As a result of the defects described above, Plaintiff suffered serious physical injuries and Defendant's defects as alleged herein were the direct and proximate cause of these injuries. Specifically, Plaintiff suffered injuries to, but not limited to, his back, hips, and left shoulder.

6.   The first priority of a truck manufacturer should be to ensure that its vehicles are safe and, in particular, have functioning systems/features that can prevent or minimize the threat of death or serious bodily harm to its drivers.  In addition, a car manufacturer must take all reasonable steps to ensure that a vehicle operates safely, and its widely-used features (such as the step on the driver's side door) work properly.  Moreover, a manufacturer that is aware of a dangerous design defect must promptly disclose and remedy such defects.

**B.     THE STEP DEFECT**

7.     Discovery will reveal which models are affected, but upon information and belief and to date, Defendant Peterbilt has designed, manufactured, marketed and/or sold thousands of trucks installed with defective driver's side steps.

8.     The Safety Act and related regulations require the quarterly submission to NHTSA of "early warning reporting" data, including incidents involving death or injury, claims relating to property damage received by the manufacturer, warranty claims paid by the manufacturer, consumer complaints, and field reports prepared by the manufacturer's employees or representatives concerning failure, malfunction, lack of durability, or other performance issues. 49 U.S.C. § 30166(m)(3)(C); 49 C.F.R. § 579.22.

**IV.**
**COUNT I: NEGLIGENCE**

9.     Plaintiff hereby incorporates by reference each and every paragraph set forth in this Complaint as if fully copied and set forth at length herein.

10.     Defendant owed Plaintiff a duty to design, manufacture, fabricate, assemble, inspect, market, distribute, sell, and/or supply products in such a way as to avoid harm to persons using them such as the Plaintiff.

11.     Defendant owed Plaintiff a duty to detect known safety defects in their vehicles and/or products.

12.     Defendant owed Plaintiff a duty, upon discovering the safety defect, to provide thorough notice of the defect, including a warning that the defective vehicles were not safe and should not be driven and/or the step utilized until an appropriate repair procedure was performed.

13.     Defendant owed Plaintiff a duty, upon discovery of the safety defect, to ensure that an appropriate repair procedure for the defective step was developed and made available to drivers.

14. Defendant knew that their drivers, such as Plaintiff, expect that the company will employ all reasonable efforts to detect safety defects, warn drivers of their existence, and develop and make available an appropriate repair procedure.

15. The duties of Defendant to discover, provide notice of, and provide repair procedures for safety related defects exist for the benefit of the Plaintiff and other drivers of Peterbilt vehicles, and Defendant breached these duties to the Plaintiff.

16. Defendant breached its duties to Plaintiff by failing to provide appropriate notice of and repair procedures for Plaintiff's defective step. In doing so, Defendant departed from the reasonable standard of care required of it.

17. It was foreseeable that if the Defendant did not provide appropriate notice and repair procedures for the defective steps, the Plaintiff and other drivers would be endangered.

18. Plaintiff's injuries were reasonably foreseeable to Defendant.

19. Plaintiff could not through the exercise of reasonable diligence have prevented the injuries caused by Defendant's negligence and gross negligence.

20. Defendant's acts and omissions, when viewed objectively from the actor's standpoint, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant nevertheless proceeded with conscious indifference to the rights, safety and welfare of others.

21. As a direct and proximate result of the foregoing acts and omissions, Plaintiff suffered severe and permanent physical injuries. Plaintiff has endured, and will continue to endure, substantial pain and suffering. Plaintiff has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has lost past earnings and has suffered a loss of earning capacity. Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically and economically injured. These injuries and

damages are permanent and will continue into the future. Plaintiff seeks actual and punitive damages from Defendant as alleged herein.

WHEREFORE, Plaintiff prays for judgment in Count I against Defendant for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## V.
## COUNT II: STRICT LIABILITY

22. Plaintiff hereby incorporates by reference each and every paragraph set forth in this Complaint as if fully copied and set forth at length herein.

23. Defendant at all times relevant to this action, was engaged in the design, testing, manufacture, distribution, and sale of automobiles, including the defective vehicles and/or steps.

24. The defective vehicles and/or steps were expected to and did reach users and consumers without substantial change in the condition in which they were sold.

25. The defective vehicles and/or steps were in a defective condition creating risk of harm to a user or a consumer, including Plaintiff.

26. The defective vehicles and/or steps were and are unreasonably dangerous and defective in design or formulation for their intended use and posed a risk of serious injury which could have been reduced or avoided, *inter alia*, by the adoption of a feasible reasonable alternative design. There were safer alternative designs for the like products.

27. The defective vehicles and/or steps, as designed, manufactured, marketed, and supplied, were defective due to inadequate safety measures and/or design and/or fabrication that rendered the step defective and unsafe. Indeed, safer alternatives were available and would have been effective to ameliorate the defects that resulted in Plaintiff's injuries.

28. The defects set forth herein caused Plaintiff's injuries.

29. Plaintiff's injuries and losses were directly and proximately caused by Defendant's designing, manufacturing, fabricating, assembling, inspecting, marketing, distributing, selling and/or supplying the defective vehicles and/or steps in a defective condition for which Defendants are strictly liable to the Plaintiff pursuant to Restatement (Second) of Torts § 402A because that liability was assumed by Defendant.

30. Plaintiff's injuries were caused by Defendant's designing, manufacturing, fabricating, assembling, inspecting, marketing, distributing, selling and/or supplying the defective vehicles and/or steps without proper and adequate warnings, instructions, and/or guidelines for safe use for which Defendant is strictly liable to the Plaintiff because that liability was assumed by Defendant.

31. As a direct and proximate result of the foregoing acts and omissions, Plaintiff suffered severe and permanent physical injuries. Plaintiff has endured, and will continue to endure, substantial pain and suffering. Plaintiff has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has lost past earnings and has suffered a loss of earning capacity. Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically and economically injured. These injuries and damages are permanent and will continue into the future. Plaintiff seeks actual and punitive damages from Defendant as alleged herein.

WHEREFORE, Plaintiff prays for judgment in Count II against Defendant for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable, costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## VI.
## COUNT III: PUNITIVE DAMAGES

32. Plaintiff hereby incorporates by reference each and every paragraph set forth in this Complaint as if fully copied and set forth at length herein.

33. Plaintiff would further show that the clear and convincing evidence in this case will prove that Defendant acted with reckless disregard of the health and safety of others in that when it knew or should have known that there was the extreme risk of danger vis-a-vis the use and operation of the defective vehicle and/or steps and other vehicles with the same defect, and that Defendant nevertheless proceeded with indifference to the rights, safety, or welfare of others, including Plaintiff.  Therefore, Plaintiff seeks punitive damages against Defendant.

34. Alternatively, Plaintiff would further show that the clear and convincing evidence in this case will prove that Defendant acted intentionally and with malice in that when it knew or should have known that there was the extreme risk of danger vis-a-vis the use and operation of Plaintiff's defective vehicle and/or steps and other of Defendant's vehicles and/or steps with the same defect, and that Defendant nevertheless proceeded with indifference to the rights, safety, or welfare of others, including the Plaintiff.  Therefore, Plaintiff seeks punitive damages against Defendant.

35. Defendant's liability for damages is attributable to its own post-sale conduct and failure to timely remedy and/or recall defective vehicles and/or steps which Defendant knew had defects.

36. Defendant sold the defective vehicles and/or steps, including the step which Plaintiff was injured upon, to consumers without doing adequate testing to ensure that the defective vehicles and/or steps were reasonably safe for their use and intended purposes.

37. Defendant knew of the defective vehicles and/or steps' defective and unreasonably

dangerous nature, but continued to manufacture, market, distribute, and sell the products so as to maximize sales and profits at the expense of the health and safety of the public.

38. Defendant, through its conduct in designing, testing, manufacturing, assembling, marketing, selling, and failing to adequately repair the Plaintiff's defective vehicle and/or step purchased and/or used by Plaintiff, demonstrated willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifferent to consequences, thereby justifying an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests that in addition to actual damages, he be awarded an additional amount as and for punitive damages in his favor and against Defendant, in an amount which will serve to punish Defendant and deter Defendant and others from like conduct in the future.

## VII.   JURY DEMAND

39. Plaintiff hereby demands a trial by jury.

## VIII.   PRAYER

40. For the foregoing reasons, the Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiff against Defendant for actual damages, as alleged, and exemplary damages, together with pre-judgment interested (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Date: <u>August 7, 2018</u>                                        Respectfully submitted,

By: <u>*/s/ Maryssa J. Simpson*</u>
       **TIMOTHY MICAH DORTCH**
       State Bar No. 24044981
       **MARYSSA J. SIMPSON**
       State Bar No. 24088414
**POTTS LAW FIRM, LLP**
2911 Turtle Creek Blvd, Suite 1000
Dallas, Texas 75219
Main: 214.396.9427
Direct: 214.396.9429
Fax: 469.217.8296
mdortch@potts-law.com
msimpson@potts-law.com

**DARYL L. DERRYBERRY**
State Bar No. 05774600
dld@dzwlaw.com
**DERRYBERRY ZIPS WADE, PLLC**
100 E. Ferguson, Suite 1212
Tyler, Texas 75702
Tel: (903) 526-2767
Fax: (903) 526-2714

**ATTORNEYS FOR PLAINTIFF**